IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANEL HUBBARD, | § | |
| | § | |
| Defendant Below, | § | No. 69, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0906021444(N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 1, 2020
Decided: September 10, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Superior Court's order, dated January 27, 2020, denying the appellant's motion for correction of sentence. The "common law rule [is] that, absent a saving statute, the repeal of a criminal statute voids all prosecutions under it that have not attained final judgments."[1] In this case, however, the appellant's carjacking conviction was final well before the General Assembly repealed the

---

[1] *Lewis v. State*, 144 A.3d 1109, 1113 (Del. 2016). *See also State v. Patnovic*, 129 A.2d 780, 780 (Del. Super. Ct. 1957) ("At common law, the repeal of a penal statute containing no saving clause was held to constitute a bar to the prosecution and punishment of a crime already committed in violation of the statute so repealed."), *cited in Williams v. State*, 756 A.2d 349, 353 n.22 (Del. 2000).

carjacking statute in 2019.  Moreover, as the Superior Court recognized, since 1998 the Delaware Code has contained a saving statute.[2]  Finally, this Court has previously determined that convictions for both carjacking and robbery arising out of the same conduct do not violate principles of double jeopardy.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *See* 11 *Del. C.* § 211(a) ("The repeal of any statute creating, defining or relating to any criminal offense set forth under the laws of this State, shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as remaining in full force and effect for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.").  *See also Lewis*, 144 A.3d at 1114 (stating that, in enacting the saving statute, "the General Assembly intended that criminal liability, once incurred under an existing statute, not be extinguished by repeal absent an explicit legislative statement to the contrary").

[3] *See Weber v. State*, 38 A.3d 271, 278 (Del. 2012) (rejecting claim that "convictions and sentencing for both Attempted Carjacking and Attempted Robbery First Degree constituted prohibited cumulative punishment in violation of double jeopardy").