Lucious **FRENCH**, Defendant Below, Appellant,

v.

**STATE of Delaware**, Plaintiff Below, Appellee.

No. 75, 2011.

Supreme Court of Delaware.

Submitted: Jan. 4, 2012.
Decided: Feb. 28, 2012.

clarification, the fact that Dr. Ger was on vacation is irrelevant.

32. *Smith*, 2005 WL 2149410 at *2.

Nicole M. Walker, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for Appellee.

Before STEELE, Chief Justice, BERGER, Justice, and NOBLE, Vice Chancellor.[1]

BERGER, Justice:

In this appeal we consider whether the Superior Court properly applied Delaware's habitual offender statute when it imposed an enhanced minimum sentence on a person whose fourth felony was Possession of a Deadly Weapon by a Person Prohibited (PDWBPP). Because the indictment identified a non-violent felony as the crime that made him a "person prohibited," appellant argues that his fourth conviction was not a violent felony. The trial court held otherwise, and we agree. A person becomes a violent felon the first time that person is convicted of one of the statutorily designated violent felonies. Thereafter, the person retains the status of "violent felon" for any future convictions. Accordingly, appellant's PDWBPP conviction was a violent felony and his minimum sentence was the 8 year statutory maximum penalty for that offense.

### Factual and Procedural Background

On May 17, 2010, two teachers at Palmer Elementary School in Wilmington, Delaware, heard a commotion outside. They both saw a small crowd of people pushing and shoving. One man left the crowd, went across the street to the back of a house, and returned carrying what one witness believed was a gun. Shortly thereafter, the witnesses heard gunshots. The police apprehended Lucious French less than two blocks from the school. Both teachers identified French as the person who retrieved the object from the house. The police recovered one shell casing from the scene, but they never found the gun.

French was indicted on nine counts, including aggravated menacing, reckless endangering and PDWBPP. The PDWBPP charge alleged that French was prohibited from carrying a deadly weapon because of a prior conviction for Maintaining a Vehicle for Keeping Controlled Substances.[2]

---

1. Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

2. 11 *Del. C.* § 1448 prohibits designated cate-

French was convicted of PDWBPP, and the State *nolle prossed* all the remaining charges. Before sentencing, the State filed a Motion to Declare Defendant an Habitual Offender. The three predicate felonies were: 1) a 2008 conviction for felony Tampering with Physical Evidence; 2) a 2000 conviction for Maintaining a Vehicle for Keeping Controlled Substances; and 3) a 1999 conviction for Escape After Conviction.

At sentencing, French conceded that he was subject to enhanced sentencing under 11 *Del. C.* § 4214(a), the habitual offender statute. The parties disagreed, however, on the minimum sentence that the court could impose. The trial court decided that French's status as a violent felon made his PDWBPP conviction a violent felony. The court imposed the minimum sentence under § 4214(a), which was 8 years at Level V. The trial court denied French's motion for reconsideration, and this appeal followed.

## Discussion

■ The only issue on appeal is whether French's PDWBPP conviction is a § 4201(c) violent felony. To decide this issue, the Court must construe the relevant statutes. The rules of statutory construction are well settled. First, the goal is to ascertain and give effect to the intent of the legislature.[3] Second, if the statute is unambiguous, the language of the statute controls.[4] Third, if the words are not defined, they are given their commonly understood, plain meaning.[5] Finally, if the

statute is ambiguous, because it is reasonably susceptible to two interpretations, the Court must apply additional rules designed to resolve the ambiguity.[6]

The habitual offender statute provides that a person convicted of three prior felonies may be sentenced to life in prison for the fourth or any subsequent felony conviction. The statute also sets a lower limit to the sentence in certain circumstances:

> [A]ny person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony ... except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title....[7]

The § 4201(c) list of violent felonies includes § 1448(e), with the following description: "Possession of a Deadly Weapon by Persons Prohibited (Firearm or Destructive Weapon Purchased, Owned, Possessed or Controlled by a Violent Felon)".[8] French is a person prohibited, and he was convicted of possession of a firearm. The question we must resolve is whether French is a "violent felon" within the meaning of the statute.

French argues, without any authority, that to be a § 1448 violent felon, the circumstance that makes one a prohibited person must be a violent felony conviction. The indictment charged that French is a person prohibited because of his prior con-

gories of people from possessing a deadly weapon or ammunition. If that deadly weapon is a firearm, the offense is a Class D felony, which carries a maximum sentence of 8 years in prison.

3. *LeVan v. Independence Mall, Inc.,* 940 A.2d 929, 932 (Del.2007).

4. *Ross v. State,* 990 A.2d 424, 428 (Del.2010).

5. *Dickerson v. State,* 975 A.2d 791, 798 (Del. 2009).

6. *Ross v. State,* 990 A.2d at 428.

7. 11 *Del. C.* § 4214(a).

8. 11 *Del. C.* § 4201(c).

viction of Maintaining a Vehicle for Keeping Controlled Substances. The crime of maintaining a vehicle is not listed as a violent felony in § 4201(c). French acknowledges that, had the State used his conviction of Escape After Conviction as the basis for his being a person prohibited, he would be a § 1448 violent felon. But, because the State relied on a non-violent crime in its indictment, French contends that he cannot be deemed a violent felon for purposes of the habitual offender statute.

■ French's strained interpretation does not create an ambiguity that would require the Court to look beyond the plain language of the relevant statutes. The dictionary definition of "felon," not surprisingly, is "[a] person who has been convicted of a felony." [9] It follows that a "violent felon" is a person who has been convicted of a violent felony. There is nothing in the definition of "violent felon" to suggest that one can switch back and forth between being a violent and non-violent felon. The statute identifies a class of people who are violent felons because of their past conduct. Thus, after a person has been convicted of a violent felony, that person becomes a "violent felon" for purposes of all subsequent criminal conduct.

■ This simple analysis follows the plain meaning rule and gives effect to the intent of the legislature. An earlier ver-

sion of § 1448 prohibited any person convicted of "a felony or crime of violence" from owning a deadly weapon. Although the statute has been modified, this Court's description of the legislature's intent remains applicable today:

> [t]he provisions of this [statute] demonstrate a manifest intention on the part of the General Assembly to protect the public from the actions of members of that *class of persons who, by their past conduct, have shown* themselves unworthy to possess firearms. Felons, as a class, constitute a reasonable classification to be adopted ... for that purpose.[10]

It is the person's past conduct that classifies him or her as a person prohibited. French's past conduct included a conviction of the violent felony, Escape After Conviction. That conviction makes him a violent felon under § 4201(c).

### Conclusion

Based on the foregoing, the judgment of the Superior Court is hereby AFFIRMED.

---

9. Black's Law Dictionary, Garner 7th Ed. (1999) at 632.

10. *State v. Robinson*, 251 A.2d 552, 555 (Del. 1969) (Emphasis added.).