IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PRENTISS BUTCHER, | § | |
| | § | No. 428, 2016 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: |
| v. | § | Superior Court of the |
| | § | State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | |
| | § | Cr. I.D. No. 1503015114 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 12, 2017
Decided: August 7, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN, SEITZ**, and **TRAYNOR**, Justices, constituting the Court *en Banc*.

Upon appeal from the Superior Court. **SENTENCE VACATED. REMANDED FOR RESENTENCING.**

John S. Malik, Esquire (*argued*), Wilmington, Delaware for Appellant.

Elizabeth R. McFarlan, Esquire, and Andrew J. Vella, Esquire (*argued*), Department of Justice, Wilmington, Delaware for Appellee.

**VALIHURA**, Justice:

# I. INTRODUCTION

Pending before this Court is appellant Prentiss Butcher's ("Butcher") appeal from the Superior Court's July 19, 2016 judgment of sentence for Possession of a Firearm By a Person Prohibited, 11 *Del. C.* § 1448 ("Person Prohibited"). This statute mandates enhanced penalties where a defendant has prior violent felony convictions.[1] Section 1448(e)(3) states that "'violent felony' means any felony so designated by § 4201(c) of this title . . . ."[2] At sentencing, the Superior Court held that Butcher had two prior "violent felony" convictions warranting a ten-year mandatory minimum sentence pursuant to Section 1448(e)(1)(c). On appeal, Butcher contends that the Superior Court erred in sentencing him because one of the two predicate offenses was no longer designated a violent felony when he committed Person Prohibited. Thus, this appeal requires the Court to determine which version of Section 4201(c) controls when a sentencing court must decide whether a prior conviction constitutes a predicate violent felony for the purpose of enhanced sentencing under Section 1448(e).

For the reasons set forth below, we conclude that a sentencing court must look to the version of Section 4201(c) in effect upon commission of the Section 1448 offense for which a defendant is being sentenced. Because the Superior Court in this case applied a version of Section 4201(c) that was no longer in effect when Butcher violated Section 1448, we vacate the Sentence Order and remand for resentencing consistent with this Opinion.

---

[1] *See* 11 *Del. C.* § 1448(e) (2015).

[2] *Id.* § 1448(e)(3).

## II.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

On March 23, 2015, Butcher was arrested after police discovered a firearm concealed in his waistband during a traffic stop. On November 17, 2015, a jury found him guilty of Person Prohibited, Possession of Ammunition by a Person Prohibited ("Person Prohibited Ammunition"), and Carrying a Concealed Deadly Weapon ("Concealed Carry").

Butcher's prior convictions included Distribution or Possession of a Controlled Substance within 300 Feet of a Park ("Possession Within 300") in 2010 and Possession with Intent to Deliver Heroin in 2011. The State requested that the Superior Court sentence Butcher for Person Prohibited pursuant to Section 1448(e)(1)(c), which imposes a ten-year minimum mandatory sentence if a defendant "has been convicted on 2 or more separate occasions of any violent felony."[3] At his July 19, 2016 sentencing hearing, Butcher argued that his 2010 conviction did not constitute a prior violent felony because the General Assembly had, in September 2011, removed Possession Within 300 from the list of felonies designated as "violent felonies" in Section 4201(c). Relying on *dicta* from this Court's decision in *French v. State*,[4] the Superior Court rejected his argument.[5] The court found

---

[3] *See id.* § 1448(e)(1)(c).

[4] 38 A.3d 289 (Del. 2012).

[5] App. to Opening Br. at A30 (Sentencing Hr'g Tr. at 18:6-18) ("[A]lthough the particular charge has now been re-classified going forward, if the Court views this the way the Court views the *French* case, and that is the status remains as having been convicted of a prior violent felony, and there's nothing in the statute that specifically speaks to that issue, or speaks to that issue to definitively and unambiguously say that the prior status changes. Therefore, I find that the State can use the prior conviction as a prior violent felony, and it meets the requirements as the second predicate violent felony to enhance Mr. Butcher's sentence.").

that Butcher had two prior violent felony convictions and sentenced him pursuant to Section 1448(e)(1)(c) to 15 years of Level V incarceration, suspended after 10 years with decreasing levels of supervision. Butcher also received two five-year sentences at Level V, suspended for one year at Level III, for Person Prohibited Ammunition and Concealed Carry. All terms of confinement were to run consecutively.

On appeal, Butcher contends that the Superior Court improperly failed to apply the definition of "violent felony" in effect at the time he committed Person Prohibited in March of 2015. Butcher also argues that this failure violated his Due Process rights, although he acknowledges that he did not raise this issue below. Because we conclude that the Superior Court incorrectly applied the relevant sentencing provisions, we do not reach Butcher's constitutional argument.

## III.    DISCUSSION

### A.  *Scope of Review*

Whether a prior conviction constitutes a predicate violent felony under Section 1448(e)(1) is a question of law, which this Court reviews *de novo*.[6] In addition, we "review statutory construction issues *de novo* to determine if the Superior Court erred as a matter of law in formulating or applying legal precepts."[7] This Court has previously held that

---

[6] *Sommers v. State*, 11 A.3d 228, 2010 WL 5342953, at *1 (Del. Dec. 20, 2010) (TABLE) (citation omitted).

[7] *Snyder v. Andrews*, 708 A.2d 237, 241 (Del. 1998) (citing *Zimmerman v. State*, 628 A.2d 62, 66 (Del. 1993)).

Section 1448(e)(1) is unambiguous.[8]  When the General Assembly's "intent is reflected by unambiguous language in the statute, the language itself controls."[9]

**B.** ***The Superior Court Improperly Held That a Conviction for an Offense Not Designated in Section 4201(c) Constituted a Predicate Violent Felony***

The relevant sentencing provision, 11 *Del. C.* § 1448(e)(1), provides:

Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of:

> a. Three years at Level V, if the person has previously been convicted of a violent felony;

> b. Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date; or

> c. Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.[10]

A "violent felony" is defined in Section 1448(e)(3), which provides:

(3) Any sentence imposed pursuant to this subsection shall not be subject to the provisions of § 4215 of this title.  *For the purposes of this subsection, 'violent felony' means any felony so designated by § 4201(c) of this title*, or any offense set forth under the laws of the United States, any other state or any territory of the United States which is the same as or equivalent to any of the offenses designated as a violent felony by § 4201(c) of this title.[11]

---

[8] *Ross v. State*, 990 A.2d 424, 429 (Del. 2010); *see also Sommers*, 2010 WL 5342953, at *2.

[9] *Ross*, 990 A.2d at 428 (citing *In re Adoption of Swanson*, 623 A.2d 1095, 1096-97 (Del. 1993)).

[10] 11 *Del. C.* § 1448(e)(1) (2015).

[11] *Id.* § 1448(e)(3) (emphasis added).

In 2011, as part of a comprehensive revision to Delaware's drug laws known as the Ned Carpenter Act, the General Assembly repealed Possession Within 300 and removed it from Section 4201(c).[12] Because Possession Within 300 was no longer designated a violent felony when Butcher committed Person Prohibited in 2015, the critical issue in this appeal is which version of Section 4201(c) controls for enhanced sentencing purposes. Citing this Court's decision in *Sommers v. State*,[13] Butcher contends that the list of offenses in Section 4201(c) in existence when he committed Person Prohibited in 2015 is the list that applies for sentencing purposes.

The State, relying on *dicta* from this Court's decision in *French*,[14] contends that a violent felony conviction renders a defendant a violent felon for purposes of all subsequent criminal conduct, irrespective of any intervening legislative amendments to Section 4201(c). Thus, according to the State, although the "violent felony" status of one of Butcher's prior convictions was eliminated as of September 1, 2011, that deletion should

---

[12] *See* Ned Carpenter Act, 78 Del. Laws ch. 13, §§ 10, 43 (2011) (amending 11 *Del. C.* § 4201(c)). The Act became effective September 1, 2011. *Id.* § 72. Other repealed drug offenses remained designated violent felonies in Section 4201(c) with the word "former" inserted before the names of those offenses. *Id.* § 8. The express designation of "former" suggests an intent by the General Assembly to maintain certain of the repealed offenses as "enhancers" for sentencing purposes. Although, at argument before this Court, the State pointed to Unlawful Sexual Intercourse First Degree, formerly codified at 11 *Del. C.* § 775, as an example of a plainly violent offense that was repealed but not included as a "former" offense in Section 4201(c), the State's example appears to be, more likely, an oversight by the General Assembly. *See* 71 Del. Laws ch. 285, §§ 13-14 (1998). Before its removal as a violent felony, Possession Within 300 was codified at 16 *Del. C.* § 4768. Following its removal from Section 4201(c) as a "violent felony," possession within a protected school zone became an aggravating factor in the current code in Title 16. *See* 16 *Del. C.* §§ 4701(44), 4751A(1)(a).

[13] 11 A.3d 228, 2010 WL 5342953 (Del. Dec. 20, 2010) (TABLE).

[14] 38 A.3d 289 (Del. 2012).

6

be given no effect as to Butcher's 2015 sentence, and the Possession Within 300 conviction should continue to count as a "violent felony" conviction under Section 1448(e).

We reject the State's reading of Section 1448(e). Section 1448(e)(3) states that "'violent felony' means any felony so designated by § 4201(c) of this title . . . ."[15] That the definition is in the present tense suggests that the current version of Section 4201(c) controls.[16]

This Court's decision in *Sommers* also supports this view. There, we considered whether a 1993 conviction for Vehicular Assault First Degree (not designated as a violent felony until Section 4201(c)'s enactment in 1996) could be used as a predicate conviction when applying Section 1448's enhanced sentencing provision after he pled guilty to Person Prohibited years later.[17] We held that when applying Section 1448(e)(1)(c), "the convictions that are properly used as predicates for an enhanced sentence must arise from separate criminal acts and be for the specific crimes *currently* listed in section 42[01](c)."[18]

---

[15] 11 *Del. C*. § 1448(e)(3) (2015).

[16] In *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015), the United States Supreme Court held that a part of the Armed Career Criminal Act that provided for an increased prison term for a defendant with three prior convictions for a "violent felony" was unconstitutionally vague since it defined "violent felony," in part, as involving "conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C.A. § 924(e)(2)(B)(ii). *Johnson* reinforces the common sense view that a provision defining "violent felonies" must provide fair notice to ordinary people of what "counts" for sentence enhancement purposes. Here, our General Assembly's decision to specifically enumerate those offenses deemed to be "violent felonies" avoids the problem posed in *Johnson* of ascertaining which types of offenses are "violent felonies."

[17] *Sommers*, 2010 WL 5342953, at *1.

[18] *Id*. at *2 (emphasis added) (citing *Ross*, 990 A.2d at 431).

Moreover, this Court read subsections 1448(e)(1)(c), 1448(e)(3), and 4201(c) *in pari materia* and found them to be unambiguous.

The language in *French* relied on by the State and the Superior Court is distinguishable and does not constitute a holding of the Court. French was sentenced for Possession of a Deadly Weapon by a Person Prohibited ("Person Prohibited Deadly Weapon") as a habitual offender pursuant to 11 *Del. C.* § 4214(a).[19] At the time of French's Person Prohibited Deadly Weapon offense, Section 4214(a) provided that a person convicted of three prior felonies must:

> receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title. . . .[20]

Section 4201(c) designates a Section 1448 conviction as a violent felony only if the defendant is subject to sentencing under Section 1448(e).[21] Because the allegations in the Person Prohibited Deadly Weapon indictment were based on French's Maintaining a Vehicle for Keeping Controlled Substances conviction (a non-violent felony), he contended that his Person Prohibited Deadly Weapon charge was not based on a prior crime

---

[19] *French*, 38 A.3d at 291.

[20] 11 *Del. C.* § 4214(a) (2010).

[21] In other words, if a defendant has a prior conviction for any violent felony, then a violation of the person prohibited statute (Section 1448) is itself a "violent felony" and the defendant falls within the enhanced sentencing provision of Section 1448(e). *See* 11 *Del. C.* § 4201(c) ("1448(e): Possession of a Deadly Weapon by Persons Prohibited (Firearm or Destructive Weapon Purchased, Owned, Possessed or Controlled by a Violent Felon)).

8

of violence, and, therefore, the latter conviction did not constitute a violent felony. However, the State's motion to declare French a habitual offender also listed Tampering With Physical Evidence and Escape After Conviction as predicate felonies,[22] and Escape After Conviction was designated a Section 4201(c) violent felony at the time.

In rejecting French's position, the Court observed that "French acknowledge[d] that, had the State used his conviction of Escape After Conviction as the basis for his being a person prohibited," the Person Prohibited Deadly Weapon conviction would constitute a violent felony that would subject him to enhanced minimum sentencing under the habitual offender statute.[23] The Court in *French* had no occasion to consider the potential impact of legislative amendment to Section 4201(c). Thus, the question of what happens when the underlying felonies supporting the enhancement application are declassified as violent felonies was not before this Court. Accordingly, any language in *French* suggesting that once an individual is convicted of a violent felony, he or she remains a violent felon in perpetuity is *dicta* that has no bearing on the issue presented in this appeal.[24]

---

[22] *French*, 38 A.3d at 291.

[23] *Id.* at 292.

[24] *See id.* ("[A] 'violent felon' is a person who has been convicted of a violent felony. There is nothing in the definition of 'violent felon' to suggest that one can switch back and forth between being a violent and non-violent felon. The statute identifies a class of people who are violent felons because of their past conduct. Thus, after a person has been convicted of a violent felony, that person becomes a 'violent felon' for purposes of all subsequent criminal conduct."); *id.* at 290 ("A person becomes a violent felon the first time that person is convicted of one of the statutorily designated violent felonies. Thereafter, the person retains the status of 'violent felon' for any future convictions.").

9

Instead, we find the reasoning in *State v. Edgar*[25] to be persuasive. There, the defendant's prior convictions included a 2009 "walk away" Escape After Conviction, a Class D felony.[26] In 2015, the General Assembly amended Section 4201(c) to provide that Escape After Conviction constitutes a violent felony only if a Class C or Class B felony, which occurs when an escape involves the use of force, a deadly weapon, or injury. The State argued that this legislative revision had no impact on the defendant's "violent felon" status. As in this case, the State relied on 11 *Del. C.* § 211, which provides:

> (a) The repeal of any statute creating, defining or relating to any criminal offense set forth under the laws of this State, shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as remaining in full force and effect for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

> (b) Any action, case, prosecution, trial or other legal proceeding in progress under or pursuant to any statute relating to any criminal offense set forth under the laws of this State shall be preserved and shall not become illegal or terminated in the event that such statute is later amended by the General Assembly, irrespective of the stage of such proceeding, unless the amending act expressly provides to the contrary. For the purposes of such proceedings, the prior law shall remain in full force and effect.[27]

The Superior Court in *Edgar* held that Section 211 does not apply to Section 4201(c), which is a "definitional statute" that "works no 'penalty, forfeiture or liability;' it simply defines a 'violent felony.'"[28] Instead, Section 211 "requires courts to apply the

---

[25] 2016 WL 6195980 (Del. Super. Oct. 21, 2016).

[26] *Id.* at *2.

[27] 11 *Del. C.* § 211.

[28] *Edgar*, 2016 WL 6195980, at *3 (quoting 11 *Del. C.* § 211).

10

penalties in place at the time the crime was committed."[29] Because Edgar's Escape After Conviction did not constitute a violent felony under "[t]he law as it stood" at the time Edgar committed Person Prohibited, the Superior Court held that it did not constitute a violent felony for enhanced sentencing purposes under Section 1448(e)(1).[30]

*Edgar* is more analogous to the facts of this case and harmonizes *French* and *Sommers* by confining *French* to its holding "that the government does not need to charge in the indictment the predicate violent felonies upon which it will rely in later seeking habitual offender sentencing due to prior violent felony convictions."[31] Additionally, *Edgar*'s view of Section 211 is consistent with this Court's decisions interpreting that Section, which apply Section 211 in the context of legislative changes to statutes establishing a criminal penalty or liability.[32] We agree the better view is that a criminal penalty for recidivist punishment is not "incurred" within the meaning of Section 211 until the person commits the most recent offense for which enhanced punishment is sought.[33]

---

[29] *Id.* (citing *Lewis v. State*, 144 A.3d 1109, 1111 (Del. 2016) (*en banc*); *United States v. Smith,* 632 F.3d 1043, 1047-49 (8th Cir. 2011)).

[30] *Id.* at *5.

[31] *Id.* at *4.

[32] *See Lewis*, 144 A.3d at 1111 ("We hold, consistent with decisions interpreting a similar federal saving statute, that Delaware's criminal saving statute permits the State to prosecute crimes under a repealed criminal statute when the crimes were committed before the statute's repeal."); *id.* at 1114 ("[T]he General Assembly intended that criminal liability, once incurred under an existing statute, not be extinguished by repeal absent an explicit legislative statement to the contrary."); *Dahms v. State*, 858 A.2d 960, 2004 WL 1874650, at *1 (Del. 2004) (TABLE) (applying Section 211 to 11 *Del. C.* § 4333, governing periods of probation or suspension of sentence, and holding that the defendant was "not entitled to any benefit conferred by the amended statute because the effective dates of the amendments were subsequent to the date of the crime to which he pleaded guilty" (citing *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661 (1974))).

[33] *See Edgar*, 2016 WL 6195980, at *3 ("It is all but axiomatic that a savings clause requires courts to apply the penalties in place at the time the crime was committed"); *see also Dorsey v. United*

11

Based upon the unambiguous language of Sections 1448(e) and 4201(c), we conclude that the definition of "violent felony" as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time Butcher committed Person Prohibited.[34] Because Possession Within 300 was no longer a designated violent felony when Butcher committed Person Prohibited, the Superior Court erred in holding that Butcher's Possession Within 300 conviction constituted a predicate violent felony for the purpose of enhanced sentencing under Section 1448(e)(1).

## IV.    CONCLUSION

For the foregoing reasons, we VACATE the Superior Court's judgment of sentence and REMAND for resentencing consistent with this Opinion.

---

*States*, 132 S. Ct. 2321, 2331 (2012) ("Case law . . . makes clear that penalties are 'incurred' under the older statute when an offender becomes subject to them, *i.e.,* commits the underlying conduct that makes the offender liable.").

[34] It appears that in prior cases involving enhanced sentencing based on prior violent felony convictions, 11 *Del. C.* § 4215A was considered. We are reluctant to speak broadly here on the case-specific results in those cases, and instead deal with the precise issue as framed by the parties. The variations in text and legislative intent underlying other statutes not considered here and which may also pertain to enhanced sentencing suggest discerning general rules should be a cautious enterprise. *See, e.g.*, *Watson v. State*, 892 A.2d 366, 369 (Del. 2005). In *Watson*, this Court applied Section 4215A where a defendant was previously convicted of a felony in 1999 of trafficking in 6.18 grams of cocaine, and where the trafficking statute at the time of his sentencing under the habitual offender statute made possession of less than 10 grams a misdemeanor. *Id.* at 368. We held that the defendant's "prior conviction was properly included as a predicate offense for purposes of § 4214(b)." *Id.* at 370. Trafficking in Cocaine remained a felony, even though at time of sentencing the defendant's conduct would have constituted a misdemeanor. *Id.* at 369. Sound policy reasons (as embedded in Section 4215A) militate against such *post hoc* challenges to convictions where the elements defining the predicate offense may have changed—unlike the situation presented here, where the General Assembly has changed only the classification of the specifically denominated crime and not its elements.