IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE A. MILES, | § | |
| | § | |
| Defendant Below- | § | No. 207, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID K0709015392A |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 10, 2018
Decided: September 7, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Tyrone Miles, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Miles' opening brief that his appeal is without merit. We agree and affirm.

(2) In 2009, a Superior Court jury convicted Miles of attempted first degree murder and possession of a firearm during the commission of a felony in the 2007 shooting of a Dover convenience store clerk. At his sentencing on April 16, 2009, Miles admitted that he had two prior convictions in 1999 and in 2000 for attempted

possession with intent to deliver ("PWID") cocaine. At the time of his 2007 crime and at the time of his sentencing in 2009, a prior conviction for attempted PWID constituted a predicate felony conviction under the habitual offender sentencing provisions of 11 *Del. C.* § 4214(b).[1] The Superior Court thus declared Miles to be a habitual offender under 11 *Del. C.* § 4214(b) and sentenced him to life imprisonment on his attempted murder conviction. His convictions and sentence were affirmed on direct appeal.[2] Thereafter, he filed several unsuccessful motions for postconviction relief.

(3)     In his latest motion and in his opening brief on appeal, Miles seeks correction of his allegedly illegal habitual offender life sentence. He contends that his habitual offender life sentence is illegal because PWID, the crime for which he was convicted in 1999 and 2000 and which were the predicate felonies upon which his habitual offender sentence was based, is no longer a predicate felony for habitual offender sentencing due to recent statutory changes.

---

[1] 11 *Del. C.* § 4214(b) formerly provided that, "Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named [including PWID], under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony [including first degree murder], is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment."

[2] *Miles v. State*, 2009 WL 4114385 (Del. Nov. 23, 2009).

2

(4)     Miles is incorrect.  In 2007, when he committed the crime of attempted first degree murder, and in 2009, when he was sentenced following his conviction, PWID was a predicate felony under the life sentencing provisions of the then-existing habitual offender statute.  Under similar circumstances, this Court has held that "[t]he later reclassification of some of the crimes underlying [a defendant's] predicate felony convictions as misdemeanors does not make those convictions non-predicate convictions under Section 4214."[3]  Thus, we conclude that Miles was properly sentenced as a habitual offender in 2009.  Moreover, whether or not Miles had been declared a habitual offender in this case, the Superior Court was required under 11 *Del. C.* § 4209(a) to sentence Miles to life without probation on his attempted first degree murder conviction.  Thus, we find no merit to his argument that his life sentence is illegal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Wehde v. State*, 2015 WL 5276752, *3 (Del. Sept. 9, 2015).  *Cf. Butcher v. State*, 171 A.3d 537 (on direct appeal from enhanced sentence imposed under 11 *Del. C.* § 1448(e)(1)(c), court held that sentencing court should have applied statutory definition of "violent felony" in effect at the time defendant committed his latest offense to determine whether enhanced sentencing provision applied to defendant).