IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANLEY GATEWOOD, | § | |
| | § | No. 143, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1407022963 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 1, 2020
Decided: July 9, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Stanley Gatewood, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Gatewood's opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Gatewood pleaded guilty on May 11, 2015 to Possession of a Firearm by a Person Prohibited ("PFBPP"), Receiving a Stolen Firearm, and Conspiracy in the Second Degree. After a presentence investigation, the Superior Court sentenced Gatewood, effective October 13, 2014, to serve a total

period of twenty years in prison, to be suspended after ten years for decreasing levels of supervision. The Superior Court imposed the ten years of unsuspended time as a minimum-mandatory sentence under the enhanced sentencing provisions applicable to a person convicted of PFBPP who has two prior "violent felony" convictions.[1] Gatewood did not appeal, but he has filed various motions challenging his sentence.[2]

(3) On February 18, 2020, Gatewood filed a motion for correction of illegal sentence. The Superior Court denied the motion, and Gatewood has appealed. He admits that he has one prior conviction for a violent felony—a 2011 conviction for PFBPP—for purposes of enhanced sentencing under 11 *Del. C.* § 1448(e)(1)c. But he contends that his 2009 conviction for carrying a concealed deadly weapon ("CCDW") does not constitute a prior violent felony for purposes of Section 1448(e)(1)c because his 2009 conviction for CCDW was his first CCDW offense, and in 2009 Section 4201(c) classified only a "subsequent" CCDW offense, but not a first CCDW offense, as a "violent felony."

---

[1] *See* 11 *Del. C.* § 1448(e)(1)c ("Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of . . . [t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony."); *id.* § 4201(c) (designating certain offenses as "violent felonies").

[2] *See Gatewood v. State*, 2016 WL 792382 (Del. Feb. 29, 2016) (affirming denial of motion for credit for time served); *Gatewood v. State*, 2016 WL 7212313 (Del. Dec. 12, 2016) (affirming denial of motion for correction of sentence); *Gatewood v. State*, 2019 WL 6130477 (Del. Nov. 18, 2019) (affirming denial of motion for sentence modification).

(4) Gatewood's argument is without merit. In order to determine whether a prior offense constitutes a "violent felony" for sentence-enhancing purposes under Section 1448, "a sentencing court must look to the version of Section 4201(c) in effect upon commission of the Section 1448 offense for which a defendant is being sentenced."[3] Effective June 29, 2010, the General Assembly amended Section 4201(c) to include a conviction for a CCDW offense involving a firearm as a "violent felony."[4] As the Superior Court observed, Gatewood's 2009 CCDW conviction involved a handgun, and his conviction for that offense therefore constituted a violent felony for purposes of enhanced sentencing for PFBPP in 2015.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *Butcher v. State*, 171 A.3d 537, 538 (Del. 2017). *See also Sommers v. State*, 2010 WL 5342953, at *2 (Del. Dec. 20, 2010) ("When applying section 1448(e)(1)(c), the convictions that are properly used as predicates for an enhanced sentence must arise from separate criminal acts and be for the specific crimes currently listed in section 4210(c) [sic].")

[4] *See* 11 *Del. C.* § 4201(c) (versions effective June 29, 2010, and thereafter) (classifying "Carrying a Concealed Deadly Weapon (Firearm Offense)" as a violent felony); 2010 DEL. LAWS Ch. 313 (H.B. 226) § 2 ("Amend § 4201, Title 11 of the Delaware Code by striking the phrase 'Carrying a Concealed Deadly Weapon (Subsequent Offense)' and by substituting in lieu thereof the phrase 'Carrying a Concealed Deadly Weapon (Firearm Offense)'.").