IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IRA JONES, | § | |
| | § | No. 346, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1407022180 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 25, 2021
Decided: September 8, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) Ira Jones appeals the Superior Court's denial of his motion for correction of an illegal sentence. Having carefully reviewed the parties' positions on appeal, we conclude that the Superior Court's judgment must be reversed and the matter remanded for resentencing.

(2) In October 2014, a New Castle County grand jury indicted Jones for possession of a firearm by a person prohibited ("the person-prohibited offense"), possession of ammunition by a person prohibited, carrying a concealed deadly

weapon, and providing a false statement to law enforcement. On March 2, 2015, Jones pleaded guilty to the person-prohibited offense in exchange for dismissal of the remaining charges. The plea paperwork indicates that the parties agreed that because Jones had two prior felonies—a 2009 conviction for second-degree assault and a 2006 conviction for distribution within 300 feet of a park—he was eligible to be sentenced under 11 *Del. C.* § 1448(e)(1)(c) to a minimum-mandatory term of ten years of Level V incarceration. The Superior Court immediately sentenced Jones to fifteen years of Level V incarceration, suspended after ten years for decreasing levels of supervision.

(3)     In June 2015, Jones filed a motion for sentence modification and asked the Superior Court to reduce his sentence to ten years of Level V incarceration, suspended after five years. On June 22, 2015, the Superior Court denied the motion, finding, among other things, that Jones was serving a mandatory sentence that could not be reduced or suspended.

(4)     On February 14, 2020, Jones filed a motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a). Jones argued that this Court's holding in *Butcher v. State*[1] rendered his sentence illegal because the minimum-mandatory term to which he was sentenced was premised in part on conviction for a crime that was no longer defined as a violent felony when he committed the person-

---

[1] 171 A.3d 537 (Del. 2017).

prohibited offense. On February 24, 2020, the Superior Court denied Jones' motion as an untimely motion to modify filed under Rule 35(b), and Jones filed a timely motion for reargument. On September 18, 2020, the Superior Court denied Jones' Rule 35(a) motion, finding the motion to be meritless because Jones had not received a minimum-mandatory sentence. This appeal followed.

(5)     We review the denial of a motion for correction of sentence for abuse of discretion.[2] To the extent a claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(6)     On appeal, Jones continues to assert that his ten-year minimum-mandatory sentence is illegal because one of his prior felonies—a 2006 conviction for distribution within 300 feet of a park—was no longer categorized as a violent felony in 2014. Thus, he was not subject to a minimum-mandatory term of ten years of Level V incarceration under 11 *Del. C.* § 1448(e)(1)(c).

(7)     At the time Jones committed the person-prohibited offense in 2014, the relevant portions of Section 1448 provided as follows:

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

(c)    Possession of a deadly weapon by a person prohibited is a class F felony, unless said deadly weapon is a firearm or ammunition for a firearm, and the violation is one of paragraphs (a)(1)-(8) of this section, in which case it is a class D felony, or unless the person is eligible for sentencing pursuant to subsection (e) of this section, in which case it is a class C felony….

(e)(1) Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of:

> a.  Three years at Level V, if the person has previously been convicted of a violent felony;
>
> b.  Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date; or
>
> c.  Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.[5]

Under Section 1448(e)(3), a "violent felony" is a felony defined as violent by 11 *Del. C.* § 4201(c). In *Butcher*, we held that "the definition of 'violent felony' as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time [the defendant] committed [the person-prohibited offense]."[6]

(8)    The State agrees that it relied on Jones' criminal history to seek enhanced sentencing under Section 1448(e)(1).  The State also concedes that

---

[5] 11 *Del. C.* § 1448.
[6] *Butcher*, 171 A.3d at 543 (emphasis added).

4

possession within 300 feet of a park was not a designated violent felony in 2014. It follows that the State acknowledges that Jones was not eligible for enhanced sentencing under Section 1448(e)(1)(c).

(9) After our review of the record, it is unclear whether the Superior Court imposed the non-suspended time as a minimum-mandatory term. The non-suspended portion of Jones' sentence—ten years—falls within the statutory range for a class C felony sentence. The Superior Court's sentencing order also does not refer to a minimum-mandatory term or Section 1448. But the plea paperwork and the transcript of the plea colloquy reflect that the parties agreed that Jones was subject to a ten-year minimum-mandatory term because of his prior convictions for two violent felonies. Moreover, the Superior Court judge who accepted Jones' plea appears to have believed that Jones was serving a minimum-mandatory term when he denied Jones' 2015 motion for sentence modification, concluding that he was unable to reduce or modify a mandatory sentence.

(9) Based on this lack of clarity and the State's acknowledgment that "the parties were mistaken in their belief that Jones was subject to a 10-year minimum mandatory sentence," the Court concludes that the Superior Court should resentence Jones for the person-prohibited offense. We therefore reverse the Superior Court's denial of Jones' motion for correction of sentence and remand this matter for resentencing. Jones is entitled to be represented by counsel when he is resentenced.

5

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is REVERSED. The matter is hereby REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice