IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WILLIAM O. BARKSDALE, § | |
| § | No. 341, 2022 |
| Defendant Below, § | |
| Appellant, § | |
| § | Court Below—Superior Court |
| v. § | of the State of Delaware |
| § | |
| STATE OF DELAWARE, § | Cr. ID No. 1403019776 (N) |
| § | |
| Appellee. § | |

Submitted: March 2, 2023
Decided: April 3, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) In July 2014, the appellant, William O. Barksdale, was indicted on multiple drug and weapon offenses. On May 5, 2015, Barksdale pleaded guilty to drug dealing (tier 4) and possession of a firearm by a person prohibited ("PFBPP"). Barksdale also agreed that he was an habitual offender under 11 *Del. C.* § 4214(a). The State agreed to enter a *nolle prosequi* on the remaining charges, not to pursue criminal charges against Barksdale in two other matters, and to cap its recommendation for non-suspended Level V time to twenty years. After granting

the State's petition for habitual offender sentencing, the Superior Court sentenced Barksdale as follows: (i) for drug dealing, under Section 4214(a), twenty years of Level V incarceration; and (ii) for PFBPP, fifteen years of Level V incarceration, suspended after ten years for decreasing levels of supervision.

(2)     This Court affirmed Barksdale's convictions on direct appeal.[1] In 2021, this Court affirmed the Superior Court's denial of Barksdale's motion for postconviction relief under Superior Court Criminal Rule 61.[2]

(3)     In April 2022, Barksdale filed motions for correction of illegal sentence.  He argued that two of the predicate offenses underlying the habitual offender petition were no longer classified as felonies and that the parties and Superior Court had miscalculated his minimum mandatory exposure for PFBPP as ten years of Level V incarceration.  Based on this Court's decision in *Ayala v. State*,[3] the State argued that Barksdale's habitual offender sentence for drug dealing was legal.  Based on this Court's decisions in *Butcher v. State*[4] and *Jones v. State*,[5] the State argued that the Superior Court should resentence Barksdale for PFBPP because the parties incorrectly believed at the time of the original sentencing that Barksdale was subject to a ten-year minimum mandatory sentence for PFBPP.

---

[1] *Barksdale v. State*, 2016 WL 2585892 (Del. Apr. 6, 2016).
[2] *Barksdale v. State*, 2021 WL 1423473 (Del. Apr. 14, 2021).
[3] 204 A.3d 829 (Del. 2019).
[4] 171 A.3d 537 (Del. 2017).
[5] 2021 WL 4098967 (Del. Sept. 8, 2021).

(4)     On August 24, 2022, the Superior Court resentenced Barksdale, who was represented by counsel, for PBFPP to fifteen years of Level V incarceration suspended after ten years for decreasing levels of supervision.  The Superior Court stated that the sentence was imposed as a matter of discretion and was not based on a belief that there was a minimum sentence.  Barksdale filed a pro se motion for reargument within the thirty-day appeal period.  The Superior Court forwarded the motion to Barksdale's counsel and advised that it would not consider the motion.  This appeal followed.

(5)     On appeal, Barksdale's counsel ("Counsel") filed a brief and a motion to withdraw under Rule 26(c).  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Counsel informed Barksdale of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief.

(6)     Counsel also informed Barksdale of his right to identify any points he wished this Court to consider on appeal.  Barksdale has not provided points for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(7)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii)

conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[6]

(8)    This Court has reviewed the record carefully and has concluded that Barksdale's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Barksdale could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice

---

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).