**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1608006943 |
| | ) | |
| ISAIAH MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  December 30, 2024
Date Decided: January 22, 2025

## **ORDER**

Upon consideration of Defendant Isaiah Moore's Motion for Correction of an Illegal Sentence ("Motion"),[1] Superior Court Criminal Rule 35(a),[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)     On March 21, 2017, the trial judge found Moore guilty of Possession of a Firearm by a Person Prohibited ("PFBPP") (IN16-09-0037) and Possession of Ammunition by a Person Prohibited ("PABPP") (IN16-09-0038) after a bench trial.[3]

(2)     On March 24, 2017, the State filed a Motion to Declare Defendant a Habitual Offender ("Habitual Offender Motion") pursuant to 11 *Del. C.* § 4214(c) for Moore's PFBPP offense.[4]

---

[1] D.I. 33.
[2] Del. Super. Ct. Crim. R. 35(a).
[3] D.I. 22.
[4] D.I. 24.

(3)     On March 30, 2017, the Court granted the State's Habitual Offender Motion and immediately sentenced Moore as follows: for PFBPP, 15 years unsuspended Level V; for PABPP, 8 years Level V, suspended for 6 months Level IV DOC Discretion.[5]

(4)     On October 22, 2024, Moore filed the instant Motion.[6]  Moore avers the Court erred in granting the State's Habitual Offender Motion and asks the Court to resentence him without the habitual offender enhancement.[7]

(5)     Relying on *Butcher v. State*[8] and *State v. Edgar*,[9] Moore argues that because two of his predicate offenses "were no longer felonies at the time [he] committed his Person Prohibited," the Court erred in declaring him a habitual offender.[10]  The cases Moore relies on for his Motion do not apply to his case because

---

[5] D.I. 26.

[6] D.I. 33.

[7] *Id.*

[8] *See Butcher v. State*, 171 A.3d 537 (Del. 2017).  Moore argues "[i]f the court in Butcher ruled [the] Superior Court could not use possession within 300 to enhance [the] sentence under 1448(e) then its only logical that Superior Court could not use possession within [1,000] and [t]rafficking cocaine to enhance Moore's sentence by 4214(a) and 4214(c) when the charges were no longer felonies at the time Moore committed his Person Prohibited."  *See* D.I. 33.

[9]  *See State v. Edgar*, 2016 WL 6195980 (Del. Super. Oct. 21, 2016).  Moore states "[a]s discussed in Edgar . . . there is no saving[s] clause to eliminate statutes and the Court is required to sentence 'as the law stood' at the time of a committed offense."  *See* D.I. 33.

[10] D.I. 33.  Moore was convicted of Trafficking in Cocaine 5-50 grams (C.A. # IN03061581) on September 2, 2003.  Moore was also convicted of Possession of Heroin Within 1,000 Feet of a School (C.A. # N090801251) on August 4, 2009.  On April 20, 2011, Delaware enacted the Ned Carpenter Act, which amened and eliminated various sections of titles 10, 11, 16, and 21 of the Delaware Code relating to drug offenses.  Among those eliminated offenses were Trafficking in Cocaine 5-50 grams and Possession of Heroin Within 1,000 Feet of a School.  *See* 78 Del. Laws, c. 13 ("Ned Carpenter Act") §§ 39, 59; *Ayala v. State*, 204 A.3d 829, 838 (Del. 2019).

they pertain to 11 *Del. C.* § 1448 (Delaware's Person Prohibited Statute), not 11 *Del. C.* § 4214 (Delaware's Habitual Offender Statute).

(6)     Because Moore challenges his habitual offender enhancement, the cases relevant to his Motion are *Ayala v. State*[11] and *Johnson v. State*.[12]

(7)     In *Ayala*, the defendant argued "he should not have been adjudged a habitual offender because the offenses forming the basis of three of his predicate felony convictions were no longer felonies when he was sentenced . . . ."[13] The Delaware Supreme Court held:

> [D]espite the General Assembly's reform of our drug laws in 2011 such that three of [the defendant's] predicate felony convictions are no longer felonies and no longer defined as distinct offenses, [the defendant] is nevertheless subject to sentencing as a habitual offender under 11 *Del. C.* § 4214 because he had been three times convicted of a felony and was thereafter . . . convicted of a subsequent felony.[14]

Further, the Delaware Supreme Court found "[t]he unambiguous language of § 4214 compels the conclusion that the Superior Court correctly declared [the defendant] a habitual offender and correctly imposed a mandatory minimum sentence."[15]

(8)     In *Johnson*, the defendant argued his sentence was illegal because one of the predicate offenses in the State's habitual offender petition was no longer a

---

[11] *See Ayala v. State*, 204 A.3d 829 (Del. 2019).
[12] *See Johnson v. State*, 2023 WL 2671805 (Del. 2023).
[13] *Ayala*, 204 A.3d at 830.
[14] *Id.*
[15] *Id.* at 840.

felony-level offense at the time of his habitual offender sentencing.[16]  Citing to *Ayala*, the Delaware Supreme Court found Johnson's habitual offender sentence was not illegal because he had four previous felony convictions and therefore satisfied the habitual offender requirements pursuant to 11 *Del. C.* § 4214.[17]  The fact that "maintaining a vehicle for keeping controlled substances" was no longer a felony at the time he was sentenced did not affect Johnson's habitual offender status.[18]

(9)     Here, Moore was declared a habitual offender pursuant to 11 *Del. C.* § 4214(c), which states:

> Any person who has been 2 times convicted of a felony . . . and 1 time convicted of a Title 11 violent felony . . . as defined in § 4201(c) of this title . . . and who shall thereafter be convicted of a subsequent Title 11 violent felony . . . as defined by § 4201(c) of this title, shall receive a minimum sentence of the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.[19]

(10)     The three predicate felonies the State relied upon to declare Moore a habitual offender were: Trafficking in Cocaine 5-50 grams,[20] Possession of Heroin

---

[16] *Johnson*, 2023 WL 2671805 at *3.  Johnson's predicate felony convictions were second-degree assault, maintaining a vehicle for keeping controlled substances, and possession with intent to deliver and federal possession of a firearm by a felon (as one predicate conviction). "Maintaining a vehicle for keeping controlled substances" was not a felony at the time of Johnson's habitual offender sentencing.

[17] *Id*.

[18] *See id*.

[19] 11 *Del. C.* § 4214(c).

[20] Moore was convicted of this offense on September 2, 2003.  *See* D.I. 24.

within 1,000 feet of a school,[21] and Possession of a Firearm by a Person Prohibited.[22] These three felonies satisfy the "2 times convicted of a felony . . . and 1 time convicted of a Title 11 violent felony" requirement of 11 *Del. C.* § 4214(c).

(11) Moore's "subsequent Title 11 violent felony" is the PFBPP conviction, which occurred on March 21, 2017 and was the basis for the State's Habitual Offender Motion.[23]

(12) Finding the State satisfied the requirements of 11 *Del. C.* § 4214(c), the Court declared Moore a habitual offender and sentenced him to 15 years unsuspended Level V time for his PFBPP offense, which follows the sentencing requirements set forth in 11 *Del. C.* § 4214(c).[24]

(13) Rule 35(a) permits the Superior Court to correct an illegal sentence at any time.[25] "[A] sentence is illegal when it exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required

---

[21] Moore was convicted of this offense on August 4, 2009. *See* D.I. 24.

[22] Moore was convicted of this offense on April 14, 2014. *See* D.I. 24. This is a violent felony. 11 *Del. C.* § 4201.

[23] *See* D.I. 24.

[24] D.I. 25; D.I. 26. *See* 11 *Del. C.* § 4214(c) (a person declared a habitual offender "shall receive a minimum sentence of the statutory maximum penalty"); *see also* 11 *Del. C.* § 1448(c), (e)(1) (possession of a deadly weapon by a person prohibited is a Class C felony if the person was previously convicted of a violent felony); 11 *Del. C.* § 4205(b)(3) (maximum Level V time for a Class C felony is 15 years).

[25] Del. Super. Ct. Crim. R. 35(a).

to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[26]

(14)  Moore's habitual offender sentence is not illegal.  Pursuant to the Delaware Supreme Court's holdings in *Ayala* and *Johnson*, the fact that Moore's 2003 and 2009 predicate offenses[27] are no longer felonies does not negate his habitual offender eligibility or status.  Accordingly, Moore was properly sentenced to 15 years of unsuspended Level V time for his PFBPP offense pursuant to 11 *Del. C.* § 4214(c).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Moore's Motion is **DENIED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:   Original to Prothonotary
      Abigail E. Rodgers, Esq.
      Isaiah D. Moore (SBI: 400459)

---

[26] *McCleaf v. State*, 2007 WL 2359554, at *1 (Del. Aug. 20, 2007) (citing *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998)).

[27] Trafficking in Cocaine 5-50 grams and Possession of Heroin within 1,000 feet of a school.