IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROBERT ROSA, § 
§ No. 274, 2025
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID Nos. 1309018769B (N)
STATE OF DELAWARE, § 1309018769A (N)
§
Appellee. §

Submitted: August 27, 2025
Decided: November 14, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     Robert Rosa appeals the Superior Court's denial of his motion for correction of an illegal sentence. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Rosa's opening brief that his appeal is without merit. We agree and affirm.

(2)     On July 7, 2014, Rosa resolved three sets of pending criminal charges by (i) pleading guilty to one count of attempted second-degree robbery, one count of possession of a firearm during the commission of a felony (PFDCF), and one count of possession of a firearm by a person prohibited (PFBPP), and (ii) pleading

no contest to two counts of second-degree robbery, one count of PFDCF, and one count of aggravated menacing. As part of the plea agreement, Rosa agreed that he was subject to enhanced sentencing for the firearm charges because he had two prior felony convictions: a 2004 conviction for attempted first-degree robbery and a 1998 conviction for second-degree assault. In exchange, the State agreed to dismiss the remaining charges and to not seek habitual-offender sentencing under then-extant 11 *Del. C.* § 4214(b), which mandated a life sentence if a person convicted of a felony on two previous occasions was later convicted of, among other crimes, PFDCF. Following a presentence investigation, the Superior Court sentenced Rosa as follows: for PFBPP, to 10 years of incarceration; for each PFDCF conviction, to 5 years of incarceration; for each second-degree robbery conviction, to 5 years of incarceration, suspended after 3 years for probation; for attempted second-degree robbery, to 5 years, suspended after 3 years for probation; and for aggravated menacing, to 5 years of incarceration, suspended after 1 year for probation. Rosa did not appeal his convictions or sentence.

(3) In April 2025, Rosa moved to correct his sentence under Superior Court Criminal Rule 35(a). Rosa claimed that his sentences for his firearm convictions are illegal because they were enhanced based on facts not found unanimously by a jury, in violation of *Erlinger v. United States*.[1] The Superior Court denied the motion,

---

[1] 602 U.S. 821 (2024).

finding that Rosa "freely admitted he was subject to enhanced sentencing in his plea agreement paperwork." This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[2] To the extent that a claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5) We agree with the Superior Court's determination that Rosa's enhanced sentences are not illegal. When Rosa committed the conduct that resulted in his conviction for PFBPP, 11 *Del. C.* § 1448 provided in relevant part:

> Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited person as described in this section and who knowingly possesses, purchases, owns or controls a firearm or destructive weapon while so prohibited shall receive a minimum sentence of:
> …
>
> c. Ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony.[5]

---

[2] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] 11 *Del. C.* § 1448(e)(1) (effective July 18, 2013 to January 29, 2014).

Rosa was therefore subject to a minimum-mandatory sentence of ten years if he had previously been convicted on two or more separate occasions of any violent felony. Both Rosa's prior convictions—attempted first-degree robbery and second-degree assault—were defined as violent felonies under 11 *Del. C.* § 4201(c) in 2013 when Rosa committed the conduct that resulted in his PFBPP conviction.[6]

(6)  When Rosa committed the conduct that resulted in his convictions for PFDCF, 11 *Del. C.* § 1447A provided in relevant part:

> A person convicted [of PFDCF], and who has been at least twice previously convicted of a felony in this State or elsewhere, shall receive a minimum sentence of 5 years at Level V….[7]

Rosa was therefore subject to a minimum-mandatory sentence of five years for each PFDCF conviction if he had two prior felony convictions.

(7)  In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and noted that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt" *or* "freely admitted in a guilty plea."[8]  As part of his plea agreement, Rosa

---

[6] *See Butcher v. State*, 171 A.3d 537, 538 (Del. 2017) (holding that "a sentencing court must look to the version of Section 4201(c) in effect upon commission of the Section 1448 offense for which a defendant is being sentenced").

[7] 11 *Del. C.* § 1447A(c) (effective July 9, 2001 to May 23, 2018).

[8] *Erlinger*, 602 U.S. at 834 (citation modified).

admitted to the facts that made him subject to enhanced sentencing under Section 1447A and Section 1448(e)(1).  His sentence therefore is not illegal under *Erlinger*.[9]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[9] Rosa has waived the arguments that he raises for the first time on appeal. Del. Supr. Ct. R. 8.