IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PIERRE J. DOWNS, | § | |
| | § | No. 357, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1610003784A&B (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 9, 2021
Decided: September 7, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Pierre J. Downs, filed this appeal from the Superior Court's denial of his motions for correction of illegal sentence. Having carefully considered the parties' positions on appeal, we conclude that the Superior Court's judgment must be vacated and this matter remanded for resentencing.

(2)    In January 2018, a Superior Court jury found Downs guilty of first-degree robbery, third-degree assault, theft of a firearm, second-degree conspiracy, and possession of a firearm by a person prohibited ("PFBPP"). The State filed a motion to declare Downs an habitual offender and to sentence him for first-degree

robbery and PFBPP as an habitual offender under 11 *Del. C.* § 4214(d).[1]  At

sentencing on April 6, 2018, Downs's counsel stated that Downs had the necessary

number of convictions for Section 4214 sentencing.  The Superior Court granted the

motion and sentenced Downs as follows: (i) for first-degree robbery, pursuant to

Section 4214(d), twenty-seven years of Level V incarceration with credit for three

days previously served; (ii) for PFBPP, pursuant to Section 4214(d), seventeen years

of Level V incarceration; (iii) for theft of a firearm, three years of Level V

incarceration suspended for one year of Level II probation; (iv) for second-degree

conspiracy, two years of Level V incarceration, suspended for one year of Level II

probation; and (v) for third-degree assault, one year of Level incarceration

suspended for one year of Level II probation.

---

[1] At the time of Downs's crimes, this section provided:

> Any person who has been 2 times convicted of a Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title under the laws of this State, and/or any comparable violent felony as defined by another state, United States or any territory of the United States, and who shall thereafter be convicted of a third or subsequent felony which is a Title 11 violent felony, or an attempt to commit such a violent felony, as defined in § 4201(c), shall receive a minimum sentence of the statutory maximum statutory penalty provided elsewhere in this title for the third or subsequent Title 11 violent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.

11 *Del. C.* § 4214(d) (2016).

(3)    On appeal, this Court affirmed Downs's first-degree robbery, second-degree conspiracy, and third-degree assault convictions and vacated his PFBPP and theft of a firearm convictions.[2]  On April 8, 2019, the Superior Court resentenced Downs.  The new sentencing order imposed the same sentences for the first-degree robbery, second-degree conspiracy, and third-degree assault convictions and vacated the PFBPP and theft of a firearm convictions.

(4)    On May 31, 2019, Downs filed a motion for correction of sentence.  He argued that he was not subject to sentencing under Section 4214(d) because one of the two violent felony convictions that the State relied upon in the habitual offender petition—a 1998 conviction for possession of a deadly weapon by a person prohibited ("PDWBPP")—was not designated a violent felony until 2003.  On January 7, 2020, the Superior Court informed the State that it was waiting for the State's response to the motion.  In its response to the motion, the State relied on *Butcher v. State*[3] to argue that Downs's 1998 PDWBPP conviction qualified as a violent felony under Section 4214(d) because it was designated a violent felony in Section 4201(c) at the time Downs committed the crime of first-degree robbery in 2016.  The State also contended that the habitual offender petition identified

---

[2] *Downs v. State*, 2019 WL 1040407 (Del. Mar. 4, 2019).
[3] 171 A.3d 537 (Del. 2017).

sufficient felony convictions for Downs to be subject to the same sentence under Section 4214(c).[4]

(5) On October 5, 2020, Downs filed another motion for correction of sentence. He argued that the April 8, 2019 sentence was illegal because he was not present with counsel for the resentencing. On October 6, 2020, the Superior Court denied Downs's motion, holding that a motion for correction of a sentence imposed in an illegal manner must be filed within ninety days of the imposition of sentence. This appeal followed.

(6) On appeal, Downs argues that his April 2019 motion for correction of sentence was timely as it was filed within ninety days of the resentencing and the October 2020 motion was timely because it was a supplement to the April 2019 motion. He also argues that he had a right to be present for resentencing under

---

[4] At the time of Downs's crimes, this section provided:

> Any person who has been 2 times convicted of a felony under the laws of this State, and/or any other state, United States or any territory of the United States, and 1 time convicted of a Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title under the laws of this State, and/or any comparable violent felony as defined by another state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent Title 11 violent felony, or attempt to commit such a violent felony, as defined by § 4201(c) of this title, shall receive a minimum sentence of the statutory maximum penalty provided elsewhere in this title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal, up to life imprisonment, unless the felony conviction allows and results in the imposition of capital punishment.

11 *Del. C.* § 4214(c) (2016).

Superior Court Criminal Rule 43 and the United States Constitution. He further contends that he did not have the requisite number of violent felonies to be sentenced under Section 4214(d) and that it would be a violation of the Double Jeopardy Clause to sentence him under Section 4214(c).

(7) The State argues that both motions were untimely and properly denied, but also agrees that Downs had the right to be present with counsel for the April 2019 resentencing. The State proposes that this matter be remanded for resentencing where Downs can attend with his counsel, Downs can present any argument he wishes to make, and the Superior Court can rule on any contentions not presented at the 2018 sentencing.

(8) We review the denial of a motion for correction of sentence for abuse of discretion.[5] To the extent a claim involves a question of law, we review the claim *de novo*.[6] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7] A motion for correction of illegal sentence may be filed at any time, but a motion

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[6] *Id.*
[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

5

for correction of sentence imposed in an illegal matter must be filed within ninety days of sentencing.[8]

(9)  It is unclear whether the order on appeal denied Downs's May 2019 motion, October 2020 motion, or both motions.  It is also unclear when Downs was informed of the April 2019 resentencing and whether that could have any impact on the timeliness of his motions.  Given the unclear state of the record and the State's agreement that Downs had a right to be present with counsel at the April 2019 resentencing, we agree with the State that this matter should be remanded for the Superior Court to resentence Downs.  Downs is entitled to be present and to be represented by counsel when he is resentenced.  The parties can make their arguments regarding Downs's habitual offender status during resentencing.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's April 8, 2019 sentencing order and October 6, 2020 order are VACATED.  The matter is hereby REMANDED to the Superior Court for further proceedings consistent with this Order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] Super. Ct. Crim. R. 35(a), (b).