IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DONALD CLARK, | § | |
| | § | |
| Defendant Below, | § | No. 221, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1207014818 (K) |
| | § | |
| Appellee. | § | |

Submitted: December 9, 2022
Decided: January 23, 2023

**<u>ORDER</u>**

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Donald Clark, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. For the reasons discussed below, we conclude that Clark's sentence is not illegal.

(2) In May 2014, Clark pleaded guilty to two counts of possession of a firearm by a person prohibited ("PFBPP"). The charges to which Clark pleaded guilty arose from his possession of two firearms on July 17, 2012. The indictment alleged that Clark was a person prohibited as a result of either, or both, of two prior convictions for possession with intent to deliver a narcotic Schedule II controlled

substance. As part of the plea, Clark agreed that he qualified for sentencing as a habitual offender under 11 *Del. C.* § 4214(a). On May 13, 2014, the Superior Court declared Clark to be a habitual offender and sentenced him, for each of the two PFBPP counts, to eight years of incarceration followed by probation.

(3) In the years since his conviction and sentencing, Clark has filed numerous motions for correction or review of sentence, frequently making the same argument: that his sentence is illegal because a prior conviction for possession of cocaine with intent to deliver is not a violent offense that triggers an enhanced penalty under 11 *Del. C.* § 1448(e)(1). The Superior Court denied his latest motion asserting that claim, and Clark has appealed to this Court.

(4) We review the denial of a motion for sentence correction for abuse of discretion.[1] We review questions of law *de novo.*[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5) After careful consideration, we conclude that the Superior Court did not err by denying the motion, because Clark's sentence is not illegal. Clark challenges

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] *Id.*
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

the sentences imposed for two counts of PFBPP. On July 17, 2012,[4] 11 *Del. C.* § 1448(c) provided that possession of a deadly weapon by a person prohibited was a Class D felony if (i) the deadly weapon at issue was a firearm and (ii) the person was prohibited from possessing the firearm under paragraphs (a)(1) through (a)(8) of Section 1448.[5] Clark pleaded guilty to possessing two firearms and he concedes, consistent with the indictment, that he had a prior felony conviction for possession with intent to deliver cocaine. At the time of Clark's PFBPP offenses, Section 1448(a)(3) prohibited a person from possessing a deadly weapon if he had a prior conviction for the unlawful use, possession, or sale of a narcotic.[6] Thus, the PFBPP offenses to which he pleaded guilty were Class D felonies under 11 *Del. C.* § 1448(c).[7]

---

[4] The applicable versions of Sections 1448, 4201, and 4214 are those that were in effect on July 17, 2012, when Clark committed the PFBPP offenses that are at issue in this appeal. *See Garnett v. State*, 2022 WL 1639226, at *2 (Del. May 23, 2022) ("This Court has held . . . that the version of the habitual-offender statute that applies is the one in effect at the time that the defendant committed the offense for which he is being sentenced."); *Butcher v. State*, 171 A.3d 537, 543 (Del. 2017) ("Based upon the unambiguous language of Sections 1448(e) and 4201(c), we conclude that the definition of 'violent felony' as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time Butcher committed Person Prohibited.").

[5] 11 *Del. C.* § 1448(c) (effective June 30, 2012, to July 17, 2013).

[6] *Id.* § 1448(a)(3).

[7] *See id.* § 1448(c) ("Possession of a deadly weapon by a person prohibited is a class F felony, unless said deadly weapon is a firearm . . . and the violation is 1 of paragraphs (a)(1) through (a)(8) of this section, in which case it is a class D felony."); *id.* § 1448(a) ("Except as otherwise provided herein, the following persons are prohibited from purchasing, owning, possessing or controlling a deadly weapon . . . within the State: . . . (3) Any person who has been convicted for the unlawful use, possession or sale of a narcotic, dangerous drug or central nervous system depressant or stimulant as those terms were defined prior to the effective date of the Uniform Controlled Substances Act in June 1973 or of a narcotic drug or controlled substance as defined in Chapter

(6)    In the plea agreement, Clark stipulated that he was eligible for habitual-offender sentencing under 11 *Del. C.* § 4214(a). In July 2012, 11 *Del. C.* § 4214(a) *permitted* the Superior Court to impose a sentence up to life imprisonment for each offense subject to sentencing under that section. If the PFBPP convictions for which Clark was being sentenced were "Title 11 violent felon[ies], as defined in § 4201(c) of this title," then Section 4214(a) *required* the Superior Court to impose a "minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title for [Clark's PFBPP convictions]."[8] So if the PFBPP convictions for which Clark was being sentenced as a habitual offender were violent felonies under Section 11 *Del. C.* § 4201(c), he was subject to a minimum-mandatory sentence of eight years, and up to life in prison, for each PFBPP offense.[9] If they were not violent felonies under Section 4201(c), he was subject to a sentence up to life in prison but with no minimum mandatory. The Superior Court imposed a sentence that corresponds to the minimum-mandatory sentence that would apply under Section 4214(a) if Clark's PFBPP offenses were violent felonies, but it is not entirely clear from the record whether the court imposed the sentence as a matter of

47 of Title 16 . . . ."); 16 *Del. C.* § 4701(27) (effective Jan. 25, 2012, to Dec. 17, 2015) (defining "narcotic drug" to include cocaine); *id.* § 4701(24) (effective through July 9, 2009) (same).

[8] 11 *Del. C.* § 4214(a) (effective June 1, 2012, to July 2, 2013).

[9] *See* 11 *Del. C.* § 4205(b)(4) (providing for a sentence of "up to 8 years" of incarceration for a class D felony).

4

its discretion or because it understood the minimum-mandatory to apply.[10] We therefore consider whether Clark was subject to the minimum-mandatory sentence under Section 4214(a). To reiterate, the answer turns on whether the PFBPP offenses for which Clark was being sentenced were "Title 11 violent felon[ies], as defined in § 4201(c) of this title."[11]

(7) The list of violent felonies in the applicable version of Section 4201(c) included "Section 1448(e) Possession of a Deadly Weapon by Persons Prohibited (Firearm or Destructive Weapon Purchased, Owned, Possessed or Controlled by a Violent Felon)."[12] Section 1448(e) imposed an enhanced-sentencing scheme on PFBPP offenses committed by individuals with prior convictions for violent felonies.[13] So Clark was subject to the minimum-mandatory sentence under Section 4214(a) if his PFBPP offense was subject to sentencing under Section 1448(e).[14]

---

[10] It appears that the State did not submit to the Superior Court a written habitual-offender petition, presumably relying instead on Clark's stipulation that he was subject to sentencing under Section 4214(a). The record before the Court also does not include a transcript of Clark's sentencing. But the record does contain some indications that the parties and the court believed that the minimum-mandatory provision of Section 4214(a) applied. The truth-in-sentencing form that was completed at the time of Clark's sentencing indicates that the minimum-mandatory sentence was eight years. And the Superior Court's order denying the first motion that Clark filed challenging his sentence states that Clark "received the minimum sentence under the habitual statute." *State v. Clark*, Cr. I.D. No. 1207014818, Docket No. 52 (Del. Super. Ct. Aug. 13, 2014).

[11] 11 *Del. C.* § 4214(a) (effective June 1, 2012, to July 2, 2013).

[12] 11 *Del. C.* § 4201(c) (effective June 1, 2012, to June 29, 2014).

[13] 11 *Del. C.* § 1448(e) (effective June 30, 2012, to July 17, 2013) (establishing minimum sentences for PFBPP, depending upon history of violent felony convictions).

[14] *See Butcher v. State*, 171 A.3d 537, 541 (Del. 2017) ("Section 4201(c) designates a Section 1448 conviction as a violent felony only if the defendant is subject to sentencing under Section 1448(e).").

Section 1448(e)(1)a provided for a minimum-mandatory sentence of one year "if the person has previously been convicted of a violent felony,"[15] as defined in Section 4201(c).[16] Section 4201(c) designated possession with intent to deliver a controlled substance as a violent felony.[17] Thus, Clark's prior conviction(s) for possession with intent to deliver made him subject to sentencing under Section 1448(e) and, therefore, also subject to the minimum-mandatory sentence under Section 4214(a). The Superior Court imposed a sentence equal to the applicable minimum-mandatory sentence. We therefore affirm the Superior Court's denial of Clark's motion to correct an illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[15] 11 *Del. C.* § 1448(e)(1)a (effective June 20, 2012, to July 17, 2013).

[16] *See id.* § 1448(e)(3) ("For the purposes of this subsection, 'violent felony' means any felony so designated by § 4201(c) of this title . . . .").

[17] 11 *Del. C.* § 4201(c) (effective June 1, 2012, to June 29, 2014).