IN THE SUPREME COURT OF THE STATE OF DELAWARE

TYRONE A. MILES, § 
 § No. 346, 2022
 Defendant Below, § 
 Appellant, § Court Below–Superior Court
 § of the State of Delaware
 v. § 
 § Crim. ID No. 0709015392A (K)
STATE OF DELAWARE, § 
 § 
 Appellee. § 

Submitted: May 16, 2023
Decided: July 14, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of counsel's brief and motion to withdraw filed under Supreme Court Rule 26(c), the State's response, and the record on appeal,[1] it appears to the Court that:

(1) In February 2009, a Superior Court jury found the appellant, Tyrone Miles, guilty of attempted first-degree murder and possession of a firearm during the commission of a felony ("PFDCF"). The State moved to have Miles declared a

---

[1] The Court acknowledges Miles' concern that the request for a certificate of eligibility is not included in the appendix to counsel's Rule 26(c) brief. However, it is included in the Superior Court's record, which was sent to the Court in connection with this appeal.

habitual offender under then-extant 11 Del. C. § 4214(b)[2] based on Miles' prior two convictions for attempted possession with intent to deliver cocaine ("PWITD"). On April 16, 2009, the Superior Court granted the State's motion and sentenced Miles for attempted first-degree murder to a mandatory life sentence under Section 4214(b) and for PFCDF, to five years of incarceration followed by one year of Level III probation. We affirmed Miles' convictions and sentence on appeal.[3]

(2)     In 2018, Miles filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), arguing that his sentence was illegal because PWITD is no longer considered a predicate felony for habitual-offender sentencing. The Superior Court denied the motion, and we affirmed its denial on appeal.[4]

(3)     Under the current version of Section 4214, an eligible habitual offender may petition the Superior Court for modification of his sentence.[5] On January 26, 2021, Miles, through counsel, first filed a motion for a certificate of eligibility as

---

[2] 11 Del. C. § 4214(b) (2007) ("Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named [including first-degree murder and PWITD], under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named, or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment. Such sentence shall not be subject to the probation or parole provisions of Chapter 43 of this title.").

[3] *Miles v. State*, 2009 WL 4114385 (Del. Nov. 23, 2009).

[4] *Miles v. State*, 2018 WL 4292206 (Del. Sept. 7, 2018).

[5] 11 *Del. C.* § 4214(f).

required by Superior Court Special Rule of Criminal Procedure 2017-1.[6] Following an evidentiary hearing, the Superior Court granted the motion for a certificate of eligibility on February 8, 2022. Miles then filed a petition for sentence modification under Section 4214(f), which the State opposed. Following a hearing, the Superior Court denied the motion to modify, finding that a natural life sentence was the appropriate punishment given the circumstances surrounding Miles' attempted-first-degree-murder conviction.[7] This appeal followed.

(4) Miles' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Counsel informed Miles of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Miles of his right to supplement his attorney's presentation, which Miles elected to do. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious

---

[6] This rule was adopted in response to the General Assembly's direction that the Superior Court establish rules for the implementation of Section 4214(f).

[7] App. to Opening Br. at A150.

examination of the record and the law for claims that could be arguably raised on appeal.[8] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[9]

(6) Under Section 4214(f), the Superior Court is not required to grant an eligible petitioner's motion for sentence modification.[10] We therefore review the Superior Court's denial of a motion for sentence modification under Section 4214(f) for abuse of discretion.[11] "An abuse of discretion occurs when a court has exceeded the bounds of reason in view of the circumstances or so ignored recognized rules of law or practice so as to produce injustice."[12]

(7) In Miles' supplement to Counsel's Rule 26(c) brief, Miles does not argue that the Superior Court abused its discretion by denying his motion for sentence modification. Citing our decision in *Butcher v. State*,[13] however, Miles contends that his sentence is illegal because he could not be sentenced as a habitual offender under the current version of Section 4214. Miles is correct that, were he

---

[8] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[9] *Penson*, 488 U.S. at 81-82.

[10] 11 *Del C.* § 4214(f) ("A Superior Court Judge upon consideration of a petition filed pursuant to this subsection may modify, reduce or suspend such petitioner's sentence…. Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section.").

[11] *Wehde v. State*, 2020 WL 1814046, at *2 (Del. Apr. 7, 2020).

[12] *Lilly v. State*, 649 A.2d 1055, 1059 (Del. 1994) (cleaned up).

[13] 171 A.3d 537 (Del. 2017).

to be sentenced today for the same conduct, he would not be eligible to be sentenced as a habitual offender. But his reliance on *Butcher* for the proposition that the sentence imposed in 2009 (for conduct committed in 2007) is illegal is misplaced. In *Butcher*, we held that the definition of "violent felony" is controlled by the version of Section 4201(c) in effect at the time a defendant commits a felony triggering enhanced sentencing.[14] As we previously noted when affirming the Superior Court's denial of Miles' motion for correction of an illegal sentence, PWITD was a predicate felony under Section 4214(b) in 2007.[15] The State therefore properly relied on Miles' prior PWITD convictions to seek enhanced sentencing under then-extant Section 4214(b). Although the Superior Court had the discretion to modify Miles' sentence, it was not, as noted above, required to do so.

(8) The Court has reviewed the record carefully, including the transcript of the hearing on Miles' motion for sentence modification, and has concluded that Miles' appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Miles could not raise a meritorious claim in this appeal.

---

[14] *Id.* at 543.
[15] *Miles*, 2018 WL 4292206, at *1.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. Counsel's motion to withdraw is moot. The appellant's request for appointment of substitute counsel is denied.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice