IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC TEEL, | § | |
| | § | |
| Defendant Below, | § | No. 363, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2004004125 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 21, 2023
Decided: September 5, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

### ORDER

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Eric Teel, filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence under Superior Court Criminal Rule 35 and his motion for postconviction relief under Superior Court Criminal Rule 61. After consideration of the parties' arguments, we affirm the Superior Court's denial of the motions.

(2)     In August 2021, a grand jury indicted Teel for possession of a firearm by a person prohibited ("PFBPP") and two counts of terroristic threatening. The charges arose from Teel threatening his ex-girlfriend and her boyfriend by sending

her a photograph of himself with a gun. On December 6, 2021, Teel pleaded guilty to one count of PFBPP and one count of terroristic threatening in exchange for the State (i) entering a *nolle prosequi* on the other terroristic threatening charge, and (ii) agreeing not to pursue other acts of intimidation occurring before December 6, 2021. The parties also stipulated that Teel had two previous violent felony convictions and jointly agreed to recommend the following sentence: (i) for PFBPP, fifteen years of Level V incarceration suspended after the ten-year minimum mandatory for decreasing levels of supervision; and (ii) for terroristic threatening, one year of Level V incarceration suspended for one year of Level III probation. That same day, the Superior Court accepted Teel's guilty plea and imposed the recommended sentence.

(3)     On May 2, 2022, Teel filed a pro se motion for correction of illegal sentence, and on May 12, 2022, he filed a pro se motion for postconviction relief. In both motions, Teel argued that his PFBPP sentence was illegal because one of the two felony convictions identified in the Immediate Sentencing Form—a 2008 conviction for possession of a controlled substance within 300 feet of a school zone—was not a violent felony under Section 4201(c) and he therefore did not qualify for a ten-year minimum mandatory sentence under 11 *Del. C.* § 1448(e)(2). He also contended that his 2008 conviction for possession with intent to deliver marijuana ("PWITD"), which was not listed on the Immediate Sentencing Form, should not qualify as a violent felony under Section 4201(c).

2

(4)    The Superior Court asked the State and Teel's trial counsel to address whether Teel qualified for a ten-year minimum mandatory sentence under Section 1448. In response, Teel's counsel advised the court that he had contacted the State a few days after sentencing to request resentencing because the school zone possession conviction was not a violent felony under Section 4201(c). If Teel only had one prior violent felony conviction, he faced a five-year minimum mandatory sentence under Section 1448(e)(1)(b) rather than a ten-year minimum mandatory sentence under Section 1448(e)(2)(b). Teel's counsel also told Teel that if the State relied upon the school zone possession conviction, he would seek resentencing to reduce the ten-year minimum mandatory sentence to a five year minimum mandatory sentence.

(5)    Teel's counsel further advised the court that he and the State had discovered the Immediate Sentencing Form contained a scrivener's error and should have listed Teel's 2008 PWITD conviction as the second violent felony conviction, rather than the school zone possession conviction. Teel's counsel also discussed this with Teel, who reminded counsel that he had filed a motion regarding his belief that the PWITD conviction should not qualify as a violent felony. Teel's counsel then reminded Teel that the Superior Court had denied that motion before accepting his plea.[1]    The State agreed with Teel's counsel's summary of the parties'

---

[1] *See* App. to Answering Br. at B35.

3

communications, took responsibility for the scrivener's error in the Immediate Sentencing Form, and noted that the plea form correctly listed the minimum mandatory sentence for PFBPP as ten years.

(6) The Superior Court held an office conference with counsel on August 3, 2022. After the parties reviewed what had occurred since sentencing, the Superior Court judge stated that he believed the error in the Immediate Sentencing Form was minor and he would resolve the error in his order deciding the motion for correction of illegal sentence. On September 1, 2022, the Superior Court issued an order denying the motions for correction of illegal sentence and postconviction relief. This appeal followed.

(7) This Court reviews the Superior Court's denial of a Rule 35 motion for correction of illegal sentence and a Rule 61 motion for postconviction relief for abuse of discretion.[2] We review questions of law *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4] To prevail on an

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014); *Ploof v. State*, 75 A.3d 811, 810 (Del. 2013).
[3] *Fountain*, 2014 WL 4102069, at *1; *Ploof*, 75 A.3d at 820.
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

ineffective-assistance-of-counsel claim under Rule 61 after entering into a plea agreement, the defendant must demonstrate that: (i) trial counsel's representation fell below an objective standard of reasonableness; and (ii) counsel's actions were so prejudicial "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[5]

(8) On appeal, Teel argues that the Superior Court erred in denying his motions because his PWITD conviction is not a violent felony under Section 4201(c) and therefore he only qualified for a five-year minimum mandatory sentence for PFBPP under Section 1448(e)(1). At the time of the crimes Teel committed in 2020, Section 1448(e)(1)(c) provided that a prohibited person who knowingly possessed a firearm "shall receive a minimum sentence of . . . ten years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony." Teel does not dispute that he was convicted of stalking, a violent felony under Section 4201(c), in 2014. He also admits that he has a 2008 conviction for PWITD but contends that PWITD is no longer a violent felony under the Ned Carpenter Act, 78 *Del. Laws.* Ch. 13 (2011). Teel is mistaken.

(9) The Ned Carpenter Act eliminated or reclassified certain drug offenses, but the act did not apply retroactively to any violation that occurred before

---

[5] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

September 1, 2011.[6]  At the time Teel committed the crime of PFBPP in 2020, Section 4201(c) designated (and still designates) Former Manufacture/Delivery/Possession with Intent to Deliver a Controlled or Counterfeit Controlled Substance under 16 *Del. C.* § 4752, the crime Teel was convicted of in 2008, a violent felony.[7]  Because Teel had two convictions designated violent felonies under Section 4201(c) at the time he committed PFBPP in 2020,[8] he was subject to a ten-year minimum mandatory sentence for PFBPP.[9]  The Superior Court therefore did not err in denying Teel's motion for correction of illegal sentence.

(10)  As to the Rule 61 motion, the record does not support Teel's claim that he pleaded guilty because he believed he would not have to serve a ten-year minimum mandatory sentence for PFBPP.  Although the Immediate Sentencing Form incorrectly listed possession of a controlled substance within 300 feet of a school zone, instead of PWITD, as one of Teel's prior violent felony convictions, the plea colloquy reflects that Teel was aware he had a previous conviction for PWITD.  The signed plea agreement correctly disclosed that Teel faced a ten-to-fifteen year Level V sentence for PFBPP.  The parties agreed in the plea agreement

---

[6] *Ayala v. State*, 204 A.3d 829, 838-39 (Del. 2019).

[7] Section 4201(c) also designates the current version of 16 *Del. C.* § 4752, drug dealing, a violent felony.

[8] *Butcher v. State*, 171 A.3d 537, 543 (Del. 2017) (holding "that the definition of 'violent felony' as the term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect" at the time the defendant committed the Section 1448 offense).

[9] 11 *Del. C.* § 1448(e)(1).

to recommend a PFBPP sentence of fifteen years of Level V incarceration suspended after the ten-year minimum mandatory. During the plea colloquy, Teel expressed his understanding that he faced a ten-year minimum mandatory sentence for PFBPP. The Superior Court imposed the sentence recommended by the parties.

(11) If Teel had not pleaded guilty and had insisted on going to trial, he would have faced the same minimum mandatory sentence for PFBPP— ten years of Level V incarceration—plus the possibility of an additional five years of unsuspended Level V time for PFBPP and two years of unsuspended Level V time for the terroristic threatening charges, along with additional Level V time for the act of intimidation charges that the State agreed not to pursue in exchange for Teel's plea. Teel has not shown that there is a reasonable probability he would have rejected the plea offer and insisted on proceeding to trial had he known he would have to serve the ten-year minimum mandatory sentence for PFBPP. Accordingly, the Superior Court did not err in denying Teel's motion for postconviction relief under Rule 61.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

7